10-249-cr
United States v. Brown

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of March, two thousand eleven.

PRESENT:   PIERRE N. LEVAL,
            REENA RAGGI,
            PETER W. HALL,
                *Circuit Judges.*

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
                      *Appellee*,

       v.                                     No. 10-249-cr

SEAN BROWN,
                      *Defendant-Appellant.*

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:     SCOTT M. GREEN, Esq., Rochester, New York.

APPEARING FOR APPELLEE:     ROBERT A. MARANGOLA, Assistant United States Attorney, of Counsel, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Rochester, New York.

Appeal from the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 19, 2010, is AFFIRMED.

Sean Brown, who stands convicted on a conditional plea of possession with intent to distribute 50 grams or more of cocaine base, see 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), appeals the district court's denial of his motion to suppress evidence seized during a search of 59 Chili Terrace, Rochester, New York, conducted pursuant to a state court warrant. Brown contends that the warrant was not supported by probable cause and that executing officers could not claim the benefit of the good faith exception to the exclusionary rule recognized in United States v. Leon, 468 U.S. 897, 920-24 (1984). Because we identify no basis for an exception to the rule of Leon, we need not address whether the affidavit presented to the state judicial officer sufficiently established probable cause. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Brown asserts that the warrant application was "so lacking in indicia of probable cause" as to render reliance upon it unreasonable. United States v. Leon, 468 U.S. at 899. In support, he contends, first, that the applying officer wrote his affidavit "in a broad, conclusory manner to give the impression of an on-going criminal enterprise, despite failing to link his targets to the searched premises," and second, that the affidavit was "so wanting

2

of a fair probability that criminal activity or evidence of criminal activity could be found at 59 Chili Terrace, in July, 2008, [that] no reasonable officer . . . could believe that reliance on the warrant was reasonable." Appellant's Br. at 16. The lack of a fair probability of criminal activity is attributed largely to the affiant's failure to clarify whether confidential informants who spoke to police in 2008 were recounting current or stale observations of drug trafficking at the subject premises. The court's "'good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal' in light of 'all of the circumstances.'" Herring v. United States, 555 U.S. 135, 129 S. Ct. 695, 703 (2009) (quoting United States v. Leon, 468 U.S. at 922 n.23).

As to the first point, there is no requirement that an officer applying for a search warrant "link his targets to the searched premises"; probable cause need attach only to the location to be searched, not to any individual target of the investigation. See United States v. Martin, 426 F.3d 83, 86 (2d Cir. 2005) ("'[O]nce it is established that probable cause exists to believe a federal crime has been committed a warrant may issue for the search of any property which the magistrate has probable cause to believe may be the place of concealment of evidence of the crime.'" (emphasis in original; quoting Zurcher v. Stanford Daily, 436 U.S. 547, 558 (1978))). As to the second point, Brown has identified no reason to question the affiant's good faith in characterizing the 2008 informant disclosures as "fresh" evidence. Nothing in the record indicates that either the affiant or the other executing officers would

3

have had any reason to question the issuing judge's probable cause determination. See United States v. Leon, 468 U.S. at 921 ("It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause. . . . In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination . . . ."). Therefore, because "[t]here is nothing more the officer could have or should have done under these circumstances to be sure his search would be legal[,] . . . the [good faith] exception applies to this case." United States v. Thomas, 757 F.2d 1359, 1368 (2d Cir. 1985).

We have considered Brown's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of conviction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4